IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST AIR AMBULANCE,
INC., a New Mexico corporation; and
JOHN RICHARDSON,

        Plaintiffs,

vs.                                                 CIVIL NO. 99-622 LFG/DJS

CITY OF LAS CRUCES, a political
subdivision of the State of New Mexico,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [Doc. 17]. The Court considered Plaintiffs' motion, Defendant's response in opposition and Plaintiffs' reply. Oral argument is not necessary.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." United States v. Emmons, 107 F.3d 762, 764 (10th Cir. 1997). However, when a court misapprehends the facts or misapplies the law, relief may be available under Fed. R. Civ. P. 59 or 60.

Here, Plaintiffs filed their motion within ten days of the Court's entry of order and judgment. If a motion of this nature is filed within the ten-day period set for Rule 59(e) motions, the reconsideration is evaluated under Rule 59(e). Motions under this rule are not intended to provide a litigant with an opportunity for a "second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); Bhatnagar v. Surrendra Overseas Ltd, 52 F.3d 1220, 1231 (3d Cir. 1995).

Motions brought under either Rule 59 or 60 are not intended as being vehicles for re-litigating old issues. Sequa Corp. v. GBJ Corp.; see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

Case law acknowledges four grounds that justify altering or amending a judgment under Rule 59. That is, to incorporate an intervening change in the laws, Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396 (4th Cir. 1998); to reflect new evidence not available at the time of trial, Id., see also Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998); to correct a clear legal error; and to prevent a manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.; Cosgrove v. Bartolotta; see also Ford Motor Credit Co. v. Bright, 34 F.3d 322, 324 (5th Cir. 1994).

Here, Plaintiffs fail to convince the Court that it misunderstood the facts or misapplied the law. None of the grounds justifying relief are present. There has been no intervening change in the law; there is no new evidence not previously available at the time of submission of briefs; the Court does not find clear legal error; nor does it agree that its prior order results in manifest injustice.

The Court recognizes that Plaintiffs disagree with the Court's analysis. That disagreement, however, does not convince the Court that its prior analysis was either erroneous or improper.

Additionally, Plaintiffs argue that the Court's memorandum opinion and order should be modified to specify that its dismissal of the complaint was without prejudice. A modification is not necessary. The Court's order explicitly provides that the proper forum for review of Plaintiffs' claims is with the Secretary of the Department of Transportation pursuant to the comprehensive administrative scheme under the Anti-Head Tax Act ( currently codified at 49 U.S.C. § 40116 *et seq.*). Secondly, in the absence of a federal question, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. Those claims had not been adjudicated on the merits, and

nothing in the Court's order intimates that they were dismissed with prejudice. The Court determines that no modification of its order is necessary to preserve any of the parties' rights.

Accordingly, Plaintiffs' motion for reconsideration is denied.

                                                                                                    _____
                                                                                                    Lorenzo F. Garcia
                                                                                                    United States Magistrate Judge

ATTORNEY FOR PLAINTIFFS:
Randolph E. Felker, Esq.

ATTORNEY FOR DEFENDANT:
Kevin T. Riedel, Esq.